PEOPLE ex rel. MEEHAN v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

CERTIORARI—RETURN—SUFFICIENCY—ADDITIONAL RETURN.

Under Code Civ. Proc. § 2134, providing that the person upon whom a writ of certiorari is served must make a return of all matters specified in and required by the writ, and section 2135, declaring that if the return is defective the court may direct a further return, a further return cannot be required as to a matter concerning which the writ did not require any return.

Appeal from Special Term, New York County.

Certiorari by the people, on relation of Patrick A. Meehan, against Francis V. Greene, as police commissioner of the city of New York. From an order directing a further return of the writ, respondent appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.

Jacob Rouss, for respondent.

INGRAHAM, J. The relator presented a petition to the Supreme Court, alleging that he had been a member of the police force; that on the 18th day of June the petitioner appeared for trial upon certain charges which had been presented against him, and was tried before the third deputy commissioner, was subsequently convicted of the charges, and dismissed from the force; that the deputy commissioner did not expressly find the petitioner either guilty or not guilty of the charges; that the said deputy commissioner had not been duly authorized or delegated by the police commissioner in writing to try the petitioner upon the said charges prior to his trial; and that his dismissal from the police department was illegal, irregular, and contrary to law, and was not based upon proper, competent, or sufficient evidence. He obtained a writ of certiorari requiring the police commissioner to serve and return to the clerk of the court—

"All and singular the act, acts, and proceedings by you had in the premises, and all affidavits, petitions, notices, writings, documents, and other proceedings and things before you, together with your action, decision, and proceedings in the premises of the removal of Patrick A. Meehan, heretofore a member of the police force of the police department of the city of New York, at or in any way or manner relating thereto, with this writ."

To that writ the police commissioner made a return setting forth the charges against the relator and the notice of trial; that on the 18th day of June, at the time and places mentioned in the notice, the relator duly appeared before the third deputy commissioner, and, the matter having been from time to time duly adjourned, was, by and before the third deputy police commissioner, who had been previously authorized, duly brought to a hearing, and duly tried, heard, publicly examined into, and investigated, a copy of the proceedings being annexed; that the third deputy police commissioner found the relator guilty of the charges, and recommended that the relator be

dismissed from the department, a copy of such recommendation being annexed to the return; and that upon the charges, specifications, testimony, proceedings, findings, and recommendations the defendant, as police commissioner of the city of New York, approved the findings and recommendations of the third deputy police commissioner, and adjudged that the relator was guilty of the charges, and dismissed him from the police department of the city of New York. Upon this return, and an affidavit of counsel for the relator, an application was made to the Special Term to compel the police commissioner to make a further return specifying whether the deputy commissioner had or had not been duly authorized or delegated in writing by the police commissioner to try the relator upon the charges prior to the relator's trial. There were affidavits submitted in opposition to the motion, whereupon the court granted the motion requiring the police commissioner to make and file a further and additional return, stating whether the deputy police commissioner had or had not been duly authorized in writing by the police commissioner to try the relator upon said charges, and from that order the police commissioner appeals.

Section 2134 of the Code of Civil Procedure provides that the person upon whom the writ of certiorari is served must make and annex to the writ, or to the copy thereof served upon him, a return, with the transcript annexed and certified by him, of the record or proceedings, and a statement of the other matters specified in and required by the writ; and section 2135 of the Code of Civil Procedure provides that if a return is defective the court may direct a further return. Thus a further return is only allowed where the return is defective, namely, where it does not comply with the writ. Now, the writ in this case contains no provision requiring the police commissioner to make a return as to the authority conferred by him upon the deputy police commissioner who tried the case, or to answer the allegation of the return. The police commissioner has complied with the writ. He made a return of the acts and proceedings by the commissioner had in the premises, and all affidavits, petitions, notices, writings, documents, and other proceedings and things before the commissioner, together with his action, decision, and proceedings in the premises; and no further return could be required.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.